UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

    KEVIN ERNST,                    Chapter 13 Case No. 09-57667

           Debtor.
_____/

KEVIN ERNST,                            Case No. 14-cv-12694
                                                HON. GERSHWIN A. DRAIN

           Appellant,

v.

MICHIGAN EDUCATIONAL CREDIT UNION,

           Appellee.
_____/

**<u>OPINION AND ORDER AFFIRMING ON ALTERNATE GROUNDS
FEBRUARY 22, 2013 AND MAY 19, 2014 BANKRUPTCY COURT
ORDERS</u>**

**I.    INTRODUCTION**

Now before the Court is an appeal from the February 22, 2013 and May 19, 2014 Orders of the Eastern District of Michigan Bankruptcy Court granting Appellee, Michigan Educational Credit Union's ("MECU") Motion to Vacate and Set Aside Order of May 21, 2010. The parties have waived oral argument. *See* Dkt. No. 10.

For the reasons that follow, the Court AFFIRMS on alternate grounds the Bankruptcy Court's Orders.

## II.    FACTUAL BACKGROUND

On June 4, 2009, Debtor Kevin Ernst filed for relief under Chapter 13 of the United States Bankruptcy Code.  MECU was a holder of a second mortgage on real property owned by Debtor located in Milford, Michigan.  The subject property was Debtor's homestead at the time of confirmation.

On July 27, 2009, MECU filed its secured proof of claim related to the Milford property.  On August 31, 2009, Debtor's Chapter 13 Plan was confirmed.  The Plan recognized MECU's claim as a secured Class 2 claim and represented that payments were to be made outside of the Plan.  Thereafter, Debtor filed an objection to MECU's proof of claim on March 18, 2010.  On April 14, 2010, Debtor filed his second adversary complaint to strip MECU's lien secured by the Milford property.   On May 17, 2010, a hearing was held on Debtor's objection to Appellee's proof of claim.  At the hearing, the following exchange between Debtor's counsel and the Bankruptcy Court occurred:

> THE COURT:     You're going to end up if the adversary proceeding
>                is successful with a – with a claim, correct?
> MR. LAMKIN:    Yeah.  They'll have a claim for an unsecured –
> THE COURT:     You'll have an unsecured claim.
> MR. LAMKIN:    Correct.
> THE COURT:     You'll be treated as an unsecured creditor under the

|  |  |
|---|---|
|  | plan, I assume. |
| MS. SKELTIS: | That's what I – |
| THE COURT: | And I guess there's no objection to that, isn't that right, counsel? That's the point. |
| MR. LAMKIN: | Yes. Yeah, that's the relief requested. I'm just checking my notes her. [sic] |

*See* Dkt. No. 1 at 187.

Ultimately, MECU's proof of claim was disallowed on the premise that the Milford property was being surrendered and the Court's presumption that the lien-strip, adversary proceeding was likely to fall in the Debtor's favor. On May 21, 2010, Debtor submitted a proposed order to the Bankruptcy Court. The proposed order did not comport with the Court's ruling because it stated the subject claim "shall be disallowed in its entirety." Debtor dismissed his second adversary complaint to strip MECU's lien on the Milford Property on June 14, 2010.

On November 5, 2012, MECU filed a Motion to Vacate and Set Aside Order of May 21, 2010. On February 22, 2013, the Bankruptcy Court granted MECU's Motion to Vacate and Set Aside Order of May 21, 2010 and issued an Order. In reaching its decision, the Bankruptcy Court held that the Debtor's attorney failed to comply with L.B.R. 9021-1 by failing to submit the proposed order to MECU's counsel for review, as well as by its failure to comport with the Bankruptcy Court's ruling at the May 17, 2010 hearing. Specifically, the Court's February 22, 2013 Order stated in relevant part:

> [W]hen considered in light of the oral arguments and the statements of the Court leading to it, . . . the claim was disallowed as the secured claim it was filed as, but remained susceptible of being considered, or amended, as an unsecured claim; and [] the Order was proffered for entry in violation of the presentation for entry rules, and, the Court itself compounded the problem by then mistakenly entering it.

*See* Dkt. No. 1 at 166-67. As such, the Bankruptcy Court concluded "[t]hat kind of mistake" falls within the ambit of Rule 60(b)(1), as well as "within the purview of 60(b)(6) which talks about another reason that justifies relief." *Id*. at 167.

Thereafter, on May 19, 2014, the Bankruptcy Court entered an Opinion disallowing MECU's Proof of Claim to the extent that it is a secured claim but held that it survived as an unsecured claim. The May 14, 2014 Opinion stated in relevant part:

> A review of the transcript of the May 17, 2010 hearing on the objection to MECU's proof of claim and Debtor's proposed modification confirms even the Debtor's understanding that a claim would potentially survive as a result.

*Id*. at 172.

Debtor filed the instant appeal on July 9, 2014.

### III.   LAW & ANALYSIS

The bankruptcy court's granting of relief under Rule 60 is reviewed for an abuse of discretion. *Keeley v. Grinder*, 590 F. App'x 557, 559 (6th Cir. Nov. 3, 2014). Under this standard, the bankruptcy court's decision cannot be reversed unless the

reviewing court has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in its conclusion it reached upon weighing the relevant factors. *In re Cohara*, 324 B.R. 24, 26 (B.A.P. 6th Cir. 2005). The question is "whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 529 (6th Cir. 2002).

While the Court agrees with the Bankruptcy Court's ultimate conclusion that the May 21, 2010 Order must be vacated, its reliance on Federal Rule 60(b)(1) and 60(b)(6) in reaching its decision was misplaced. The United States Court of Appeals for the Sixth Circuit's decision in *Pruzinsky v. Giannetti (In re Walter)*, 282 F.3d 434 (6th Cir. 2002), is instructive.

In *Pruzinksy*, prior to filing her bankruptcy petition, the debtor and her ex-husband entered into a settlement agreement with another party in satisfaction of a default judgment obtained by the party in the Wayne County Circuit Court. *Id.* at 436. Thereafter, the debtor filed a bankruptcy petition and the trustee and the party attempted to work out a settlement of the party's claim against the debtor's estate for the unsatisfied judgment. *Id.* at 436-37. The debtor's ex-husband ultimately objected to the proposed settlement agreement between the trustee and the party because it would extinguish his rights under the Wayne County agreement. *Id.* at 437. A

hearing was held wherein the bankruptcy judge explained on the record that he would fully preserve the ex-husband's rights under the Wayne County agreement. *Id*. at 438. However, the order that was entered by the bankruptcy judge subsequent to the hearing did not reflect the judge's intent to fully preserve the ex-husband's rights.

The bankruptcy court ultimately granted the ex-husband's motion for clarification. *Id*. at 439. Relying on Rule 60(b)(6) of the Federal Rules of Civil Procedure, the bankruptcy judge concluded "the fact that the Order failed to give effect to the court's intent is 'exceptional or extraordinary,' and provides the 'something more' than mere mistake on the part of counsel." *Id*. On appeal the district court concluded that Rule 60(b)(6) was inapplicable, rather Rule 60(b)(1) was the appropriate rule because of the ex-husband's counsel's mistake in advising the bankruptcy judge that only one paragraph in the proposed settlement needed to be omitted. *Id*. Instead, the bankruptcy judge needed to delete two paragraphs in order to fully preserve the ex-husband's rights. *Id*.

The Sixth Circuit concluded that "both courts committed error in their application of Rule 60." *Id*. Specifically, the *Pruzinksy* court held that under the circumstances, Rule 60(a) was the applicable rule that the bankruptcy court should have relied on to remedy the error of entering an order that fails to comply with the court's expressed intent at the hearing. *Id*. at 440. The *Pruzinksy* court held in

pertinent part:

> [T]he record shows that the discrepancy in the order resulted from the mistake of counsel *and* the bankruptcy court's own oversight. The on-the-record discussion of the bankruptcy court clearly reveals that it intended to remove [the ex-husband] entirely from the force of the [] order. It expressly says so. The simple fact is the court struck only one reference to [the ex-husband] instead of two. This amounts to a clerical error of the type governed by Rule 60(a).

*Id.* (emphasis in original).

The *Pruzinksy* court explained that an Order may be entered by a court to correct clerical mistakes, such as "blunders in execution" and "mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial." *Id.* The *Pruzinksy* court further concluded that "the bankruptcy court was entitled to modify its order under Rule 60(a) if: (i) the error was mechanical in nature rather than the result of a deliberate choice, and (ii) the modification corrects the [] order such that it reflects what was the intent of the bankruptcy court at the time of the hearing." *Id.* at 441.

In the instant case, the Bankruptcy Court was authorized, pursuant to Rule 60(a), to vacate the May 21, 2010 Order because its entry was a clerical mistake which resulted in the order failing to reflect the intent of the Bankruptcy Court at the May 17, 2010 hearing. The Debtor's attorney presented a proposed order that denied MECU's claim in its entirety, even though the Bankruptcy Court's intent at the

hearing was that the claim would survive as an unsecured claim. Moreover, the Bankruptcy Court has acknowledged that in addition to the Debtor's counsel's failure to follow the local bankruptcy rules regarding presentation for entry, "the Court itself compounded the problem by then mistakenly entering [the order]."

Therefore, like the facts in *Pruzinksy*, Rule 60(a) permitted the Bankruptcy Court to vacate its May 21, 2010 Order to correct (i) an error that was mechanical (ii) so that the correction "reflect[ed] what was the intent of the bankruptcy court at the time of the [May 17, 2010] hearing." *Id.* at 441.

## IV.  CONCLUSION

In light of the foregoing, IT IS ORDERED that the February 22, 2013 and May 19, 2014 Orders of the Eastern District of Michigan Bankruptcy Court are AFFIRMED ON ALTERNATE GROUNDS.

Dated: March 20, 2015                          /s/Gershwin A Drain
                                                GERSHWIN A. DRAIN
                                                UNITED STATES DISTRICT JUDGE